(96 South. 135)
POWELL v. SMITH. (5 Div. 854.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Appeal and error** ⊙⊃628(1)—Appeal not dismissed for delay in filing transcript where satisfactory excuse shown.

Where a satisfactory excuse has been shown for the delay in filing the transcript, the motion to dismiss the appeal will be overruled.

2. **Evidence** ⊙⊃248(2)—Testimony as to statements by husband not authorized by or made in presence of wife not admissible against wife.

In detinue involving ownership of cow as between plaintiff wife and defendant, who claimed cow as husband's mortgagee, in which the only issue was whether the wife or the husband had purchased the cow from the former owner, testimony as to statements of the husband, in which he claimed to be the owner, was not admissible as against the wife, in the absence of a showing that the wife authorized statements or was present at the time they were made, since his relationship to the wife did not of itself render his conduct or claims or statements admissible against her.

3. **Husband and wife** ⊙⊃132—In action involving ownership of cow as between plaintiff wife and defendant claiming as husband's mortgagee, defendant's testimony that husband was indebted to him apart from consideration due on mortgage held not admissible.

In detinue involving ownership of cow as between plaintiff wife and defendant, who claimed cow as husband's mortgagee, in which the only issue was whether the wife or the husband had purchased the cow from former owner, the admission of defendant's testimony that the husband was heavily indebted to him, apart from the immediate consideration due on the mortgage, held error; such testimony being irrelevant and being calculated to prejudice the wife's case.

4. **Evidence** ⊙⊃219(2)—Exclusion of testimony that witness who had been summoned to testify against defendant had received letter threatening him held error.

Exclusion of testimony that witness who had been summoned to testify against the defendant brought defendant a letter written on Ku Klux Klan paper, a few days before the case was called, threatening the witness and warning him to stay out of court, that the witness told defendant that he believed defendant had something to do with sending the letter, that the defendant tore off the part of the letter on which the threat was written and handed back the other part, and that the defendant was a member of the Klan held error, since it could be inferred therefrom that defendant was a party to signing the letter by way of an implied admission.

5. **Evidence** ⊙⊃256—Testimony that witness against defendant had received letter warning him to stay out of court not admissible, in absence of proof of defendant's connection therewith.

Testimony that a witness who had been summoned to testify against the defendant had re-

---

ceived a letter threatening witness and warning him to stay out of court would not have been admissible against the defendant, in the absence of proof of defendant's connection with the letter by admission or otherwise.

**6. Witnesses ⊜379(1)—Where proper predicate was laid, witness could be contradicted as to statement inconsistent with his testimony.**

Defendant was properly allowed to contradict plaintiff's witness by testimony that he had made a statement inconsistent with his testimony, a proper predicate having been laid.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action in detinue by Libbie Powell against O. T. Smith. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911, p. 449. Reversed and remanded.

John A. Darden, of Goodwater, for appellant.

The wife cannot directly or indirectly become surety for her husband's debt. Code 1907, § 4497; Henderson v. Brunson, 141 Ala. 674, 37 South. 549; Hawkins v. Ross, 100 Ala. 459, 14 South. 278; Elston v. Comer, 108 Ala. 76, 19 South. 324. Counsel argues for error in the rulings on evidence, but without citing additional authorities.

J. Sanford Mullins, of Alexander City, for appellee.

Counsel argues the points raised, but without citing authorities.

SOMERVILLE, J. [1] A satisfactory excuse has been shown for the delay in filing the transcript in this case, and the motion to dismiss the appeal will be overruled.

Plaintiff sues in detinue to recover possession of a cow and her yearling calf.

Plaintiff claims to own these animals by purchase from one Nelson Craig, and defendant claims them under a mortgage executed to him by plaintiff's husband, Coot Powell. The single issue in the case was whether plaintiff was the purchaser of the mother cow from her former owner, Craig, or whether her husband was the purchaser in his own right.

[2] In the absence of a showing that plaintiff authorized his conduct, or was present, it was error to allow the witness McKinney to state that Coot Powell came to him just before the trial and talked to him about the case; and for the same reason it was error to allow the defendant to state that Coot

Powell claimed to be the owner of the animals. His relationship to plaintiff did not of itself render his conduct, or claims, or statements, admissible against her. He had not been examined as a witness, and there was no basis for the use of such evidence for the purpose of contradicting him as a witness.

[3] The fact that he was heavily indebted to defendant, or indebted to him in any amount, apart from the immediate consideration due on the mortgage under which defendant claims, was wholly irrelevant to the issue, and calculated to prejudice plaintiff's case. Defendant's testimony to that effect was improperly admitted over plaintiff's objection.

[4] Plaintiff's counsel offered to show, by questions addressed to the defendant on cross-examination, that the witness Hagans had been summoned as a witness against defendant in this case, and that Hagans brought to defendant a letter written on Ku Klux Klan paper, a few days before the case was to be called, threatening Hagans and warning him to stay out of court; that defendant was a member of the Klan; that Hagans told defendant he believed defendant had something to do with sending the letter out; and that when Hagans presented the letter to him defendant tore off the part on which the threat was written and handed back the other part.

All of these questions and all of this matter was objected to by defendant, and the objections were sustained. In this we think the trial court erred. The facts and circumstances offered to be shown furnished a satisfactory basis for the inference that defendant was a party to sending the letter, by way of an implied admission.

[5] Of course, the mere fact that the witness Hagans received such a letter, independent of any proof of his connection with it, by admission or otherwise, would not be admissible against defendant in this case.

The same facts could, of course, be shown by any other witness, if available.

[6] Defendant was properly allowed to contradict plaintiff's witness Craig, a proper predicate having been laid, by testifying that Craig told him, at a specified time and place, that he sold the cow to Coot Powell.

It is unnecessary to pass upon other assignments of error. Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes